UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-22757-CIV-LENARD/TURNOFF

HENRY IZQUIERDO, JOSE LUIS )
IZQUIERDO, ROBERTO ROJAS , and all )
others similarly situated under 29 U.S.C. )
216(B), )
)
      Plaintiffs, )
)
vs. )
)
KRYPTON PEST CONTROL, CO., )
HECTOR RIVERA, )
HECTOR RIVERA, JR. )
)
      Defendants. )
)

**AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216**
**OVERTIME WAGE VIOLATION**

COME NOW Plaintiffs, by and through undersigned counsel, and state:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant KRYPTON PEST CONTROL, CO., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for the Plaintiffs' respective period of employment ("the relevant time period"). The individual Defendants RIVERA and RIVERA, JR. are corporate officers and/or owners of the Defendant Corporation who run the day-to-day operations of the Corporate Defendant for the relevant time period and were responsible for paying Plaintiffs' wages for the relevant time period.

4. All acts or omissions giving rise to this dispute took place in Dade County.

## FEDERAL STATUTORY VIOLATION
### (OVERTIME WAGE VIOLATION)

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiffs who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7. 29 U.S.C. § 206 (a) (1) states "… [e]very employer shall pay to each of his employees ….: (1) except as otherwise provided in this section, not less than - (A) $ 5.85 an hour, beginning on the 60th day after the date of enactment of the Fair Minimum Wage Act of 2007 [enacted May 25, 2007]; (B) $ 6.55 an hour, beginning 12 months after that 60th day; and (C) $ 7.25 an hour, beginning 24 months after that 60th day. From 1997 through July 23, 2007, the Federal Minimum Wage was $5.15 an hour. On July 24, 2007 the Federal Minimum Wage was increased for $5.85 an hour. On July 24, 2008 the Federal Minimum Wage was increased to $6.55 an hour. On July 24, 2009 the Federal Minimum Wage was increased to $7.25 an hour.

8. Florida Statute §448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1." As of May 2nd, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006, Florida Minimum Wage was increased to

$6.40 an hour. On January 1, 2007 Florida Minimum Wage was increased to $6.67 an hour. On January 1, 2008 Florida Minimum Wage was increased to $6.79 an hour. On January 1, 2009 Florida Minimum Wage was increased to $7.21 an hour. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. The Plaintiffs worked as fumigators for the Defendants. Plaintiff Henry Izquierdo began work for the Defendants from on or about April 15, 2007 through on or about January 11, 2010. Plaintiff Jose Luis Izquierdo worked for the Defendants from on or about May 9, 2008 through September 14, 2009. Plaintiff Roberto Rojas worked for the Defendants from on or about June 15, 2008 through on or about December 30, 2008, then from on or about June 20, 2009 through on or about September 20, 2009.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials that Plaintiffs used or transported on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to each Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant.

12. Upon information and belief, the Defendant Corporation grossed over $500,000 annually for the years 2007, 2008 and 2009.

13. Plaintiff Henry Izquierdo worked an average of 60 hours per week for the Defendants and was paid an average rate of $19.00 per hour but was never paid overtime wages as required by the Fair Labor Standards Act. Therefore, Plaintiff Henry Izquierdo is claiming that he is owed overtime wages for a 128 week period (4/15/07 through 1/11/10) at 20 overtime hours a week at the halftime rate of $9.50 an hour for a total of $24,320 multiplied by 2 pursuant to 29 U.S.C. 216(b) = $48,640.

14. Plaintiff Jose Luis Izquierdo worked an average of 60 hours per week for the Defendants and was paid an average rate of $14.00 per hour but was never paid overtime wages as required by the Fair Labor Standards Act. Therefore, Plaintiff Jose Luis Izquierdo is claiming that he is owed overtime wages for a 70 week period (5/09/08 through 9/14/09) at 20 overtime hours a week at the halftime rate of $7.00 an hour for a total of $9,800 multiplied by 2 pursuant to 29 U.S.C. 216(b) = $19,600.

15. Plaintiff Roberto Rojas worked an average of 60 hours per week for the Defendants and was paid an average rate of $13.00 per hour but was never paid overtime wages as required by the Fair Labor Standards Act. Therefore, Plaintiff Roberto Rojas is claiming that he is owed overtime wages for a 41 week period (6/15/08 through 12/30/08 and from 6/20/09 through 9/20/09) at 20 overtime hours a week at the halftime rate of $6.50 an hour for a total of $5,330 multiplied by 2 pursuant to 29 U.S.C. 216(b) = $10,660.

16. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the law of the United States and/or recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act.

Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865 - 6766
Fax: (305) 865 – 7167

By:__/s/ J.H. Zidell_____
     J.H. Zidell, Esq.
     Florida Bar Number: 0010121

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing Amended Complaint was served via U.S. Mail upon Defendants Krypton Pest Control, Co. at 8809 NW 189th Terrace, Miami, FL 33018 and at address located at 2215 West 78th Street, Hialeah, Florida 33016, Hector Rivera at 1050 West 37th Street, Hialeah, FL 33012 and 2215 West 78th Street, Hialeah, Florida 33016 and on Hector Rivera Jr. at 8809 NW 189th Terrace, Miami, FL 33018 and 2215 West 78th Street, Hialeah, Florida 33016 on this 10th day of August 2010.

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865 - 6766
Fax: (305) 865 – 7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121