UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE No. 10-22757-CIV-LENARD/TURNOFF

HENRY IZQUIERDO, JOSE LUIS )
IZQUIERDO, ROBERTO ROJAS, and all )
others similarly situated under 29 U.S.C. )
216(B), )
                       )
             Plaintiffs, )
                       )
      vs. )
                       )
KRYPTON PEST CONTROL, CO., HECTOR )
RIVERA, HECTOR RIVERA, JR., )
                       )
             Defendants. )
_____/

**DEFENDANTS' ANSWERS AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT**

Defendants, KRYPTON PEST CONTROL, CO., HECTOR RIVERA, and HECTOR

RIVERA, JR. (collectively, "Defendants"), by and through their undersigned counsel, hereby

submit their answers and affirmative defenses to the Amended Complaint ("Complaint") of

Plaintiffs Henry Izquierdo, Jose Luis Izquierdo, and Roberto Rojas ("Plaintiffs"), and state:

1.      Defendants admit that this purports to be an action under the Fair Labor Standards

Act ("FLSA"). Defendants deny that Plaintiffs are entitled to any recovery in this action.

2.      Defendants are without sufficient knowledge as to the allegations contained in

paragraph 2 of the Complaint and therefore deny the same and demand strict proof thereof.

3.      Defendants admit the first sentence of paragraph 3 of the Complaint. Defendants

deny the second sentence of paragraph 3. With respect to the third sentence of paragraph 3,

Defendants admit that Hector Rivera ("Rivera") and Hector Rivera, Jr. ("Rivera, Jr.") are or were

CASE No. 10-22757-CIV-LENARD/TURNOFF

officers and/or owners of Krypton Pest Control, Co. ("Krypton") during the time period alleged in the Complaint. Defendants admit that Rivera, Jr. is involved in the day-to-day operation of the company. The remaining allegations contained in the third sentence of paragraph 3 of the Complaint are ambiguous and therefore are denied.

4.      Defendants admit that Plaintiffs were employed in Miami-Dade County. Defendants deny the acts and omissions as alleged by Plaintiffs in paragraph 4 of the Complaint.

5.      Defendants admit that this purports to be an action for damages under the FLSA. Defendants deny that Plaintiffs have any valid cause of action.

6.      Defendants are without sufficient knowledge as to the allegations contained in paragraph 6 of the Complaint and therefore deny the same and demand strict proof thereof.

7.      Defendants admit that 29 U.S.C. § 206(a)(1) speaks for itself and admit that the "federal minimum wage" is a matter of public record. Defendants deny all remaining allegations contained in paragraph 7 of the Complaint.

8.      Defendants admit that § 448.110(4)(a), Florida Statutes, speaks for itself and admit that the "Florida minimum wage" is a matter of public record. Defendants deny all remaining allegations contained in paragraph 8 of the Complaint.

9.      Defendants admit that 29 U.S.C. § 207(a)(1) speaks for itself. Defendants deny all remaining allegations contained in paragraph 9 of the Complaint.

10.      Defendants admit that each of the Plaintiffs worked as fumigators for Krypton at various intervals. Defendants admit that Henry Izquierdo ("Henry") worked from on or about April 15, 2007, through on or about January 11, 2010. Defendants admit that Jose Luis Izquierdo ("Jose Luis") worked from on or about May 9, 2008, through on or about September 14, 2009. Defendants deny that Roberto Rojas ("Rojas") worked from on or about June 15,

CASE No. 10-22757-CIV-LENARD/TURNOFF

2008, through on or about December 20, 2008.  Defendants admit that Rojas started working for Krypton for a second interval of time commencing on or about June 20, 2009, but deny that Rojas' last day of work was on or about September 20, 2009, as set forth in paragraph 10 of the Complaint.

11.     Defendants are without sufficient knowledge as to the allegations regarding the applicability of the FLSA, as alleged in paragraph 11 of the Complaint.   All remaining allegations contained in paragraph 11 of the Complaint are denied.

12.     Defendants admit that Krypton grossed over $500,000 annually for the years 2007, 2008, and 2009, as set forth in paragraph 12 of the Complaint.

13.     Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14.     Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15.     Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16.     Defendants deny the allegations set forth in paragraph 16 of the Complaint. Further answering, Defendants deny that any further wages are owed as alleged by Plaintiffs in paragraph 16 of the Complaint.

## GENERAL DENIAL

Any allegation contained in the Complaint that is not specifically admitted is hereby denied.  Furthermore, Defendants deny any allegation or request for relief by Plaintiffs to which no response is required.  Defendants deny that Plaintiffs are entitled to any relief against any of the Defendants.

## AFFIRMATIVE DEFENSES

Upon information and belief and subject to further investigation and discovery, Defendants alleges the affirmative defenses set forth below without assuming the burden of

3

proof where such burden is otherwise on Plaintiffs.  Defendants may have additional affirmative

defenses against the Complaint and therefore reserve the right to assert such defenses after the

facts to support such defenses becomes known to them.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs were paid for all hours worked, and therefore have no basis to bring any claim

in this action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs have been paid all monies that he may be

owed under any reasonable construction of the facts averred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because at all relevant times Defendants acted in good faith

and with reasonable grounds for believing that any act or omission relating to the matters raised

in the Complaint did not violate the FLSA.

### FOURTH AFFIRMATIVE DEFENSE

Defendants were not in willful violation or reckless disregard of the FLSA and at all

times acted in good faith, and therefore Plaintiffs may not recover liquidated damages in this

action.

### FIFTH AFFIRMATIVE DEFENSE

In the event that it is determined that some hours of work were not properly paid (which

is specifically denied), then any such amount was negligible and hence was *de minimis,* and thus.

the Court should not give cognizance to the amount and should deny any recovery for any claim

for that amount.

4

CASE No. 10-22757-CIV-LENARD/TURNOFF

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations in whole or in part, or are otherwise time-barred.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs each fail to state a claim for which relief can be granted against any of the Defendants because none of the Plaintiffs were employees of the Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs each fail to state a claim for which relief can be granted because to the extent that the FLSA is determined to apply in this suit, the Defendants are exempt under 29 U.S.C. § 207(i).

Dated: September 10, 2010

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Counsel for Plaintiff
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0519
Facsimile:  (305) 579-0717

By:     s/ Ricardo A. Gonzalez
        RONALD M. ROSENGARTEN
        Florida Bar No. 387540
        rosengartenr@gtlaw.com
        RICARDO A. GONZÁLEZ
        Florida Bar No. 691577
        gonzalezr@gtlaw.com

CASE No. 10-22757-CIV-LENARD/TURNOFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        s/ Ricardo A. Gonzalez
                                        RICARDO A. GONZÁLEZ

## SERVICE LIST

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorneys for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: 305-865-6766
Fax: 305-865-7167
zabogados@aol.com