UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-22757-CIV-LENARD/TURNOFF

<u>CONSENT CASE</u>

| | |
|---|---|
| HENRY IZQUIERDO, JOSE LUIS IZQUIERDO, ROBERTO ROJAS, and all others similarly situated under 29 U.S.C. 216(B),<br><br>　　　　　Plaintiffs,<br>　　vs.<br><br>KRYPTON PEST CONTROL, CO., HECTOR RIVERA, HECTOR RIVERA, JR.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>JOINT PRETRIAL STIPULATION</u>

Pursuant to Fed.R.Civ.P.26(a)(3) and S.D.Fla.L.R. 16.1.E, Plaintiffs and Defendants, by and through their undersigned counsel, hereby submit their joint pretrial stipulation.

**1. A short concise statement of the case prepared by each Party in the action.**

<u>Plaintiffs' Statement Of The Case:</u>

The Plaintiffs worked as fumigators for the Defendants. Plaintiff Henry Izquierdo began work for the Defendants from on or about April 15, 2007 through on or about January 11, 2010. Plaintiff Jose Luis Izquierdo worked for the Defendants from on or about May 9, 2008 through September 14, 2009. Plaintiff Roberto Rojas worked for the Defendants from on or about June 15, 2008 through on or about December 30, 2008 and from on or about June 20, 2009 through on or about September 20, 2009. During said period of time Plaintiffs are claiming that they were not paid the appropriate overtime wages violation of the Fair Labor Standards Act and are therefore claiming overtime wages for each hour worked for Defendants.

Defendants' Statement Of The Case:

Plaintiffs worked as fumigators for the Defendant, Krypton Pest Control, Co. ("Krypton"). Plaintiff Henry Izquierdo began work for Krypton from on or about April 15, 2007 through on or about January 11, 2010. Plaintiff Jose Luis Izquierdo worked for Krypton from on or about May 9, 2008 through September 14, 2009. Plaintiff Roberto Rojas worked for Krypton from on or about June 15, 2008 through on or about December 30, 2008, and from on or about June 20, 2009 through on or about September 20, 2009. Each Plaintiff was paid a fixed rate for each unit produced or action performed, *i.e.,* for each building or dwelling fumigated, regardless of the hours worked per week. Each Plaintiff understood the manner in which he was being paid. Nevertheless, the number of hours worked by each Plaintiff are accurately reflected on time records maintained by the company. Plaintiffs rarely worked in excess of 40 hours per week, but, in those few instances in which they did, each plaintiff was paid properly for all overtime worked.

Joint Statement of the Case to be read to the jury:

Plaintiffs have brought a claim for overtime wages whereby Plaintiffs contend that during the course of their employment with Krypton they were not properly paid their overtime wages under the Fair Labor Standards Act. Defendants claim that Plaintiffs were paid a fixed rate for each building or dwelling fumigated, and that none of the Plaintiffs worked overtime for which he was not compensated.

**2. A statement of the basis for federal subject matter jurisdiction.**

Subject matter jurisdiction is proper under 28 U.S.C. §1331 and 29 U.S.C. § 203(s)(3) under enterprise coverage as Krypton had gross sales or business done in excess of $500,000 annually during the relevant time period, and Krypton had two or more employees that handled goods or

materials on a regular and continuous basis that moved through interstate commerce during the relevant time period. The Parties stipulate to FLSA jurisdiction; therefore, no evidence need be addressed at trial regarding gross sales/business done or interstate commerce.

3. **A list of all pleadings raising the issues.**

    1) Plaintiff's Amended Complaint [D.E. 6]

    2) Defendants' Answer and Affirmative Defenses [D.E. 13].

4. **A list of all pending motions.**

    There are no current motions pending, however each side anticipates filing a motion in limine.

5. **A joint statement of stipulated facts which will require no proof at trial.**

    1) Plaintiffs were employed as fumigators by Krypton.

    2) Plaintiff Henry Izquierdo worked for Krypton from on or about April 15, 2007 through on or about January 11, 2010.

    3) Plaintiff Jose Luis Izquierdo worked for Krypton from on or about May 9, 2008 through September 14, 2009.

    4) Plaintiff Roberto Rojas worked for Krypton from on or about June 15, 2008 through on or about December 30, 2008 and from on or about June 20, 2009 through on or about September 20, 2009.

    5) Defendant Krypton grossed over $500,000 during the years 2007, 2008, 2009 and 2010.

    6) Defendant Krypton had two or more employees that handled materials on a regular and continuous basis that were manufactured outside the state of Florida during the relevant time period.

6. **A detailed statement of contested facts that remain to be litigated at trial.**

A. <u>Joint Issues:</u>

   1) The amount of hours that Plaintiffs worked on a weekly basis.

   2) Plaintiffs' hourly wages.

   3) Whether Plaintiffs worked overtime.

   4) Whether Plaintiffs worked any hours for which they were not paid the required overtime wages.

   5) How much overtime wages to which each Plaintiff is entitled, if any.

   6) If the Defendants are found to have committed any violations of the wage laws, were they were willful.

B. <u>Defendants issues:</u>

   1) The manner in which Plaintiffs were compensated for their work (*i.e.*, hourly wage versus fixed rate per unit produced or action performed).

   2) The fixed rate at which each plaintiff was compensated for each unit or work produced or action performed (*i.e.,* for each home or dwelling fumigated).

7. **A concise statement of issues of law on which there is agreement.**

   1) The Fair Labor Standards Act applies to Plaintiffs' work for Krypton.

8. **A concise statement of issues of law that remain for determination by the Court.**

   a. Whether Plaintiffs are entitled to liquidated damages should they prevail at trial. If Plaintiffs prevail at trial, they will file a post trial motion requesting liquidated damages based on the evidence presented at trial.

   b. If Plaintiffs prevail at trial, the amount of attorneys' fees and costs to award Plaintiffs pursuant to 29 U.S.C. § 216(b).

c.  Whether Defendants acted in good faith.

9. **Exhibit and Witness Lists:**

    a. Plaintiffs' witness list is attached as exhibit "A"

    b. Defendants' witness list is attached as exhibit "B."

    c. Plaintiffs' exhibit list is attached as exhibit "C"

    d. Defendants' exhibit list is attached as exhibit "D."

10. **An estimate of the amount of time each Party will require to complete its case. Counsel are expected to provide their estimate after careful consideration of the amount of time necessary for direct, cross, and re-direct examination of each witness, in light of the Court's weekly trial schedule.**

    The Parties estimate that this will be a 3 day trial.

11. **Each Party's estimate of the maximum amount of attorneys' fees properly allowable, if any.**

    A. Plaintiffs attorneys fees are estimated at $55,000 through trial.

| | |
|---|---|
| Date: 10/06/11 | Date: 10/06/11 |
| J.H. Zidell P.A.<br>Attorneys for Plaintiffs<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Tel: (305) 865-6766<br>Fax: (305) 865-7167 | Greenberg Traurig.<br>Attorney for Defendants<br>333 Avenue of the Americas<br>Miami, FL 33131-3238<br>Tel: (305) 579-0500<br>Fax: (305) 579-0717 |
| By: /s/ Daniel T. Feld<br>    Daniel T. Feld, Esq.<br>    Florida Bar No.: 0037013 | By: /s/ Ricardo A. Gonzalez<br>    Ricardo A. Gonzalez, Esq.<br>    Florida Bar No.: 691577 |