**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 10-22757-CIV-LENARD/TURNOFF**

<u>**CONSENT CASE**</u>

| | |
|---|---|
| HENRY IZQUIERDO, JOSE LUIS IZQUIERDO, ROBERTO ROJAS , and all others similarly situated under 29 U.S.C. 216(B), | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| KRYPTON PEST CONTROL, CO., HECTOR RIVERA, HECTOR RIVERA, JR. | ) ) ) ) |
| Defendants. | ) ) ) |

## <u>PLAINTIFFS PROPOSED JURY INSTRUCTIONS</u>

**INSTRUCTION NO. 1**
**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:


I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - what we call your deliberations.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**INSTRUCTION NO. 2**
**CONSIDERATION OF THE EVIDENCE DUTY TO FOLLOW**
**INSTRUCTIONS**
**(Corporate Party Involved)**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law

makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 2.2.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 3
## CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case?   Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?   Did the witness' testimony differ from other testimony or other evidence?

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**INSTRUCTION NO. 4**
**IMPEACHMENT OF WITNESSES**
**(Inconsistent Statement)**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 4.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 5
## Impeachment Of Witnesses
## Inconsistent Statement And Felony Conviction

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 4.2.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**INSTRUCTION NO. 6**
**BURDEN OF PROOF**
**PLAINTIFF**

In this case it is the responsibility of the Plaintiffs to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.


11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 6.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 7
## FAIR LABOR STANDARDS ACT
### (29 USC Section 216)

This case arises under the Fair Labor Standards Act, the federal law that, among other things, provides for the payment of time-and-a-half overtime pay. The Plaintiffs claim that the Defendants did not pay them overtime pay required by law.

The Plaintiffs, in order to prevail, must prove by a preponderance of the evidence three things:

> *First*: That the Plaintiffs was employed by the Defendants during the time period involved;

> *Second*: That the Defendants' business or business under unified operation or common control employed at least two persons and was engaged in commerce or the production of goods for commerce and had an annual gross sales of at least $500,000; and

> *Third*: That the Defendants failed to pay the Plaintiffs the overtime wage pay required by law.

The Parties agree to the First and Second prongs, and therefore you shall find that the Second prong already established.

The Act requires an employer to pay its employee at a rate of at least one and one-half times their regular rate for the time worked in one week over 40 hours. This is commonly known as times-and-a-half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due him for that week. The "regular rate" for a week

is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours.  The overtime rate then would be one and one-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

Regarding the wage claims in this matter, Plaintiffs claim they worked in excess of forty (40) hours weekly for Defendants and were paid in violation of the Fair Labor Standards Act, as they were allegedly not paid the required Overtime wages.

If upon consideration of all the evidence you find that the Plaintiffs have failed to prove their claims, your verdict should be for the Defendants.

If, however, you find that Plaintiffs haves proved their claims then you must turn to the question of damages that Plaintiffs are entitled to recover.

Regarding overtime claims, the measure of damages is the difference between what the employee should have been paid under the Act a and the amount that you find (s)he actually was paid.

The Plaintiffs are entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed on July 29, 2010 unless you find the employer either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. If you find that the employer knew, or showed reckless disregard for the matter of whether, its conduct was

prohibited by the FLSA, the Plaintiffs are entitled to recover lost wages from the present time back to no more than three years before this lawsuit was filed.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 1.7.1. (MODIFIED).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 8
## RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA

It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standards Act. "Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes, the employee has carried out his burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 9
## FURTHER RECORD KEEPING OBLIGATIONS OF EMPLOYER UNDER THE FLSA

Every employer shall maintain and preserve payroll or other records with respect to each employee containing the time of day and day of week on which the employee's workweek begins including the starting time and length of each employee's work period.  Such records shall include the regular hourly rate of pay for any workweek in which overtime compensation is due and shall explain the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis.

The records must show the hours worked each workday and the total hours worked each workweek, and must set forth the total daily or weekly earnings or wages due for hours worked during the workday or workweek.

29 C.F.R. 516.2 (Modified).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 10
Calculation of Hourly Pay

"If the employee is employed solely on a weekly salary basis, his regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. [For example] [i]f an employee is hired at a salary of $182.70 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $182.70 divided by 35 hours, or $5.22 an hour, and when he works overtime he is entitled to receive $5.22 for each of the first 40 hours and $7.83 (one and one-half times $5.22) for each hour thereafter. If an employee is hired at a salary of $ 220.80 for a 40-hour week his regular rate is $5.52 an hour."

*Quoting*, Rodriguez et al. v. Farm Stores Grocery, Inc., 21 Fla.L.Weekly.C 353. 2008 U.S. App. LEXIS 1796, *22 (11th Cir. 2008).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
 REFUSED:

## INSTRUCTION NO. 11
## RIGHTS TO OVERTIME NON-WAIVABLE

An individual employee's rights for overtime compensation under the Fair

Labor Standards Act cannot be abridged by contract or otherwise waived by the

employee.


*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981)

*Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998)


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 12
## INSTRUCTION ON RELEASE OF CLAIMS

Because and an individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee, even if the Plaintiff signed a general release of claims prior to ending his employment with Defendants, such general release cannot be used by Defendants as a reason for not paying Plaintiff overtime.  Even if Plaintiff did sign such a release, such is not a justification for not paying overtime wages to Plaintiff.

*Barrentine v. Arkansas-Best Freight Sys., Inc*., 450 U.S. 728 (U.S. 1981); *Baker et.al. v. Barnard Construction Co. et.al.*, 146 F.3d 1214 (10th Cir. 1998); *Parker v. DeKalb Chrysler Plymouth*, 673 F.2d 1178 (11th Cir. 1982); *Schwartz v. Florida Board of Regents, et al*., 807 F.2d 901 (11th Cir. 1987).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 13

## EMPLOYEE STANDBY OR WAITING TIME

"Stand-by" time or "waiting" time is compensable under the F.L.S.A. if it is in furtherance of the employer's business objectives.   "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."

 *Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 14
## "WORK" DEFINED

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

*Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 15
## EMPLOYEE PERMITTED TO WORK

Permitting an employee to engage in an activity is considered "work" under

the FLSA.

29 U.S.C. 203 (e)(1)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
 REFUSED

## INSTRUCTION NO. 16
## "COMPENSABLE TIME" INCLUSIVE

"Compensable time" includes far more than the time that the employee spends engaged in active labor.

*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 17
## "EMPLOYER" DEFINED BROADLY UNDER THE FLSA

Under the Fair Labor Standards Act, the term "Employer" is defined more broadly than the term would be interpreted in traditional common law application in order to meet the remedial purposes behind the Fair Labor Standards Act.

*Falk v. Brennan,* 414 U.S. 190 (1973).
*McLaughlin v. Seafood, Inc.*, 867 F.2d 875 (5th Cir. 1989)
*Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**INSTRUCTION NO. 18**
**DUTY TO DELIBERATE**
**WHEN PLAINTIFF CLAIMS DAMAGES**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 7.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

### INSTRUCTION NO. 19
### ELECTION OF FOREPERSON
### EXPLANATION OF VERDICT FORM(S)

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 8.

                              GIVEN:
                              GIVEN AS MODIFIED:
                              WITHDRAWN:
                              REFUSED: