UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-22757-CIV-LENARD/TURNOFF

CONSENT CASE

HENRY IZQUIERDO, JOSE LUIS )
IZQUIERDO, ROBERTO ROJAS , and all )
others similarly situated under 29 U.S.C. )
216(B), )
       Plaintiffs, )
vs. )
  )
KRYPTON PEST CONTROL, CO., )
HECTOR RIVERA, )
HECTOR RIVERA, JR. )
  )
       Defendants. )
_____ )

**PLAINTIFFS' RENEWED MOTION FOR JUDGMENT OF AS A MATTER OF LAW**

Plaintiffs, by and through the undersigned, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, hereby file the above described motion and state as follows:

**INTRODUCTION**

1. A three day Jury Trial was conducted in this matter during the week of February 6, 2012. (See D.E. 60, D.E. 61, and D.E. 62)

2. At the close of evidence, plaintiffs moved for directed verdict on the issue of the individual liability of defendants Hector Rivera and Hector Rivera Jr. due to their status as joint employers under the FLSA.

3. The plaintiffs' motion was denied and the issue sent to the jury.

4. The jury found that plaintiffs Henry Izquierdo and Jose Luis Izquierdo were entitled to unpaid overtime wages, but did not find that individual defendants Hector Rivera or Hector Rivera, Jr., were liable for the unpaid overtime wages. (See D.E. 67 and D.E. 68)

5. This court should find, as a matter of law, that the individual defendants were liable as joint employers under the Fair Labor Standards Act and enter judgment against all three defendants jointly and severally for the reasons discussed below.

## MEMORANDUM OF LAW AND ARGUMENT

A. <u>Rule 50(b)</u>

A renewed motion for judgment as a matter of law under F.R.Civ.P 50(b) should be granted when "without weighing the credibility of witnesses, facts and inferences point so strongly and overwhelmingly in favor of one party that a reasonable jury could not arrive at a contrary verdict . . . ." *Johns v. Jarrard*, 927 F.2d 551, 557 (11th Cir. 1991). The court must resolve all factual disputes and draw all logical inferences in favor of the nonmoving party. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). If substantial conflicting evidence exists in record, so that reasonable people could differ, a motion for judgment as a matter of law is improper. *Johns*, 927 F.2d at 557.

B. <u>Individual Liability under the FLSA</u>

The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), citing *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

Further, multiple employers may be responsible for compliance with the FLSA within one business organization. *See, Elliott Travel & Tours, Inc.*, 942 F.2d at 965; *Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom*

*Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).  In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511.

Financial control over a corporation is a significant factor in determining "employer" status.  *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991).  Personal liability may also arise from significant ownership interest coupled with operational control.  *See, Agnew*, 712 F.2d at 1514.  Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control.  *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982).  In determining whether an employment relationship exists in the FLSA context, the court must not focus on any single fact "such as control" but rather needs to consider the "entire circumstances".  *Brennan v. Partida*, 492 F.2d 707, 709 (5th Cir. 1974).

In this matter, the evidence presented at trial conclusively established that the individual defendants Hector Rivera and Hector Rivera Jr. qualified as joint employers under the FLSA and therefore must be found individually liable.  The testimony conclusively established requisite financial and operational control over the company, as well as direct control over

the plaintiffs work schedules and pay rates. The failure to pay the plaintiffs overtime as required by law therefore must be attributed to the individual defendants as well as the corporation, as all three qualify as joint employers under the FLSA. Furthermore, no other conclusion is possible under the law, even when all the evidence heard at trial is considered in the light most favorable to the defendants.

WHEREFORE, the plaintiffs respectfully request this Court grant the instant motion and find as a matter of law that defendants Krypton Pest Control Co., Hector Rivera, and Hector Rivera Sr. are jointly and severally liable for the damages awarded to plaintiffs Henry Izquierdo and Jose Luis Izquierdo.

Respectfully submitted,

J. H. Zidell, P.A.
Attorneys for Plaintiff
300-71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
By:__/s/ David Markel_____
　　David Markel, Esq.
　　Florida Bar No.: 078306

## CERTIFICATE OF CONFERRAL

Opposing counsel has indicated his opposition to the instant motion.

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing upon the following via CM/ECF on this 22nd day of February, 2012:

**Ricardo A. Gonzalez**
Greenberg Traurig
333 Avenue of the Americas
Suite 4400
Miami, FL 33131-3238
305-579-0500
Fax: 305-579-0717
Email: gonzalezr@gtlaw.com

**By: /s/David Markel**
David Markel, Esq.