UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-22757-CIV-LENARD/TURNOFF

**CONSENT CASE**

HENRY IZQUIERDO, JOSE LUIS )
IZQUIERDO, ROBERTO ROJAS, and all )
others similarly situated under 29 U.S.C. )
216(B), )
       Plaintiffs, )
vs. )
   )
KRYPTON PEST CONTROL, CO., )
HECTOR RIVERA, )
HECTOR RIVERA, JR. )
   )
       Defendants. )
   )

**PLAINTIFFS' MOTION FOR IMPOSITION OF LIQUIDATED DAMAGES**

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs request the imposition of liquidated damages as to the Verdict in this matter following trial and as grounds states:

**INTRODUCTION**

1. Following a jury trial, the jury awarded Plaintiff HENRY IZQUIERDO and JOSE LUIS IZQUIERDO damages against the Defendants KRYPTON PEST CONTROL, CO. the following sums as set forth in the Verdict Forms filed as [DE 67] and [DE 68] respectively: $686.60 and $675.25.

2. Although the jury found in favor of the Defendants regarding willfulness and reckless disregard, Defendants failed at trial to establish a good faith violation of the overtime laws.

3. In failing to establish good faith violation at trial, the Defendants admitted they knew about overtime wage laws over the past (5) year period and never took any affirmative

steps to verify whether they were in compliance with the overtime laws in relation to payment of Plaintiffs' wages.

4. The issue of willfulness concerned whether Plaintiffs could obtain an additional year of damages under the statute of limitations (in this case (3) years instead of (2) under the FLSA); whereas good faith (that must be established by a defendant-employer) concerns post trial determination of liquidated damages by the Court.

5. As set forth below, the jury determination regarding willfulness or reckless disregard does not impact the post trial good faith analysis concerning liquidated damages; and the facts of the instant case do not afford the Court discretion to deny liquidated damages.

6. Consequently, in entering a Final Judgment in this cause, the Court should also impose liquidated damages against the Defendants, and therefore said Verdicts should be doubled to include the following total: $1,373.20 for Henry Izquierdo and $1,350.50 for Jose Luis Izquierdo.

## **MEMORANDUM OF LAW**

Liquidated damages under 29 U.S.C. §216 (b) are mandatory. Under certain circumstances the court may exercise its discretion in determining whether and in what amount to award liquidated damages, however, the instant case does not provide for discretion to deny liquidated damages. The Eleventh Circuit has held that an employer's knowledge of the applicability of the FLSA makes doubling of a wage award mandatory under the Statute, absent a showing of good faith. See, *Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).[1]   In *Leach v. Johnston,* 812 F.Supp

---

[1] The Court in *Joiner* adopted the rule held by the 5th Circuit in *Reeves v. International Tel. & Tel. Corp.,* 616 F.2d 1342 (5th Cir. 1980), that an employer who seeks to avoid liquidated damages bears the burden of proving that its violation was "both

1198 (M.D. Fla. 1992) the Court held that good faith entails a duty to affirmatively investigate whether non-payment of overtime is in conformity with federal wage laws. *See also*, *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272-1274 (11th Cir. 2008), where the Court differentiated between good faith and willfulness. Despite the employer's argument in *Farms Stores* that the District Court was precluded from finding a lack of good faith by the employer because the jury found no willfulness, the Eleventh Circuit nevertheless found that upon remand the District Court could award liquidated damages. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d at FN7. The instant case is analogous to *Farms Stores* as this Court granted a directed verdict in Defendants' favor as to willfulness. However, in the case at bar, Defendants failed to demonstrate a good faith violation at trial, and both Defendants admitted they knew about overtime laws over the past (5) year period and never took any affirmative steps to verify whether they were in compliance with the minimum wage laws in relation to payment of Plaintiff's wages. Thus, liquidated damages are mandatory in the instant case. *See supra*, *Joiner* and *Leach.*

WHEREFORE, PLAINTIFFS RESPECTFULLY REQUEST THAT THIS COURT GRANT THIS MOTION AND IMPOSE LIQUIDATED DAMAGES SO THAT PLAINTIFFS ARE ADJUDGED TO RECEIVE THE FOLLOWING AS DAMAGES DOUBLED AGAINST DEFENDANTS KRYPTON PEST CONTROL CO.: $1,373.20 for Henry Izquierdo and $1,350.50 for Jose Luis Izquierdo.

---

in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict. *Joiner* at 1539. Furthermore, in *Leach. v. Johnston,* 812 F.Supp 1198 (M.D. Fla. 1992) the Court held that good faith entails a duty to affirmatively investigate whether non-payment of overtime is in conformity with federal wage laws.

## CERTIFICATE OF CONFERRAL

Opposing counsel has indicated his opposition to the instant motion.

J. H. Zidell, P.A.
Attorneys for Plaintiff
300-71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167


By:__/s/ David Markel_____
     David Markel, Esq.
     Florida Bar No.: 078306

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing upon the following via CM/ECF on this 22nd day of February, 2012:

**Ricardo A. Gonzalez**
Greenberg Traurig
333 Avenue of the Americas
Suite 4400
Miami, FL 33131-3238
305-579-0500
Fax: 305-579-0717
Email: gonzalezr@gtlaw.com

**By: /s/David Markel**
David Markel, Esq.