UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-22757-CIV-LENARD/TURNOFF

<u>CONSENT CASE</u>

| | |
|---|---|
| HENRY IZQUIERDO, JOSE LUIS IZQUIERDO, ROBERTO ROJAS , and all others similarly situated under 29 U.S.C. 216(B),<br>   Plaintiffs,<br>  vs.<br><br>KRYPTON PEST CONTROL, CO.,<br>HECTOR RIVERA,<br>HECTOR RIVERA, JR.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND INCORPORATED MEMORANDUM OF LAW</u>**

  Defendants, Krypton Pest Control Co. ("Krypton"), Hector Rivera ("Rivera"), and Hector Rivera, Jr.("Rivera, Jr.") (collectively, the "Defendants"), by and through their undersigned counsel, submit their Response in Opposition (the "Opposition") to Plaintiffs' Renewed Motion for Judgment as a Matter of Law and Incorporated Memorandum of Law (the "Motion for Judgment" or "Mot. for Judgmt.") [**D.E. 70**] as it relates to Rivera.

  1. As described in greater detail below, the Court should deny the Motion for Judgment as it relates to Rivera.  Even assuming the Court were to: (1) consider the evidence in the light most favorable to the Plaintiffs; (2) assume that all conflicts in the evidence are resolved in favor of the Plaintiffs; (3) assume that the Plaintiffs' evidence tended to prove all facts; and (4) give the Plaintiffs the benefit of all favorable inferences that may reasonably be drawn from the facts proved, the Court still would have to deny Plaintiffs' Motion for Judgment.

2. Where, as in this case, the parties have developed a full trial record, the jury's verdict should remain unchanged unless the evidence and the inferences that can reasonably be drawn from it "'point [so] *overwhelmingly* in favor of one party . . . that reasonable people could not arrive at a contrary verdict.'" *Brown v. Alabama Dept. of Transportation,* 597 F.3d 1160, 1173 (11th Cir. 2010) (quoting *Combs v. Plantation Patterns,* 106 F.3d 1519, 1527 (11th Cir. 1997)).

3. "Judges must be extremely guarded in granting judgments as a matter of law after a jury verdict." *Ryther v. KARE 11*, 108 F.3d 832, 844 (8th Cir. 1997). The district court's determination of a motion for judgment under Rule 50(b) must be made with a view toward upholding the jury verdict. *See Slade Gorton & Co., Inc. v. Millis*, 794 F. Supp. 175, 177 (E.D. N.C. 1992), *aff'd*, 62 F.3d 1433 (Fed. Cir. 1995) (citing *Persinger v. Norfolk & W. Ry.,* 920 F.2d 1185, 1189 (4th Cir. 1990)); *Triton Corp. v. Hardrives, Inc.*, 85 F.3d 343, 345 (8th Cir. 1996) ("We will not set aside the jury's verdict lightly."); *see also Western Plains Service Corp. v. Ponderosa Development Corp.,* 769 F.2d 654, 656 (10th Cir. 1985) (A motion for a judgment as a matter of law is cautiously and sparingly granted and then only when the court is certain the evidence "conclusively favors one party such that reasonable men could not arrive at a contrary verdict.").

4. In determining a post-verdict Rule 50(b) motion, the standard to be applied can be summarized as follows:

> [T]he district court must (1) consider the evidence in the light most favorable to the prevailing party, (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party, (3) assume as proved all facts that the prevailing party's evidence tended to prove, and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. That done, the court must then deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence.

*Haynes v. Bee-Line Trucking Co.*, 80 F.3d 1235, 1238 (8th Cir. 1996) (citations omitted). *See Advanced Bodycare Solutions, LLC v. Thione Int'l., Inc.*, 615 F.3d 1352, 1360 (11th Cir. 2010) (finding that trial court should draw in the nonmoving party's favor every conclusion or inference that is reasonable giving that party the benefit of every legitimate inference that can be drawn from the evidence).

5. The standard is particularly strict when the party with the burden of proof moves for a motion for judgment as a matter of law. To wit,

> [w]hen the party with the burden of proof moves for a directed verdict the evidence must be viewed from a different perspective. Rather than considering the evidence for its sufficiency to support a finding for the opposing party as is done when the party not having the burden of proof has made such a motion, the evidence is tested for its overwhelming effect. The test is a strict one, and a directed verdict for the party having the burden of proof may be granted only where he has established his case by evidence that the jury would not be at liberty to disbelieve.

*Hurd v. American Hoist & Derrick Co.*, 734 F.2d 495, 499 (10th Cir. 1984) (citations and internal quotation marks omitted). "So long as *a* reasonable view of the evidence (not necessarily the *most* reasonable) supports the jury's findings, then [a] motion for judgment as matter of law must be denied." *Lust v. Sealy, Inc.*, 277 F. Supp. 2d 973, 979 (W.D. Wis. 2003), *aff'd as modified*, 383 F.3d 580 (7th Cir. 2004) (emphasis in original).

6. Because the burden was on the Plaintiffs to establish that Rivera qualifies as an "employer" under the FLSA, and the jury found that he did not (*see* D.E. 67 and D.E. 68), the Court must determine whether the evidence was overwhelming that a reasonable jury could not have ruled against the Plaintiffs. The evidence and the record here do not meet this strict standard.

7. As a preliminary matter, the grounds raised in a post-verdict motion under Rule 50(b) are limited to those specifically raised in the pre-verdict motion under Rule 50(a). Fed. R.

Civ. P. 50(a) provides that a motion for judgment as a matter of law must specify the judgment sought and the *law and the facts* that entitle the movant to the judgment. Fed. R. Civ. P. 50(a)(2) (emphasis supplied). To satisfy this requirement, a moving party's Rule 50(a) motion must be sufficiently specific to afford the party against whom the motion is directed an opportunity to cure possibly technical defects which might otherwise make his or her case legally insufficient, and therefore must do more than merely state a belief that the opposing party's evidence is insufficient. *Acosta v. Honda Motor Co.,* 717 F.2d 828, 831-32 (3d Cir. 1983). A movant may supply the specific information required under Rule 50(a) by making explicit reference to materials and argument in the record. *See* Rule 50, Fed. R. Civ. P., Notes of Advisory Committee on December 1991 Amendment of Rule 50.

8. "A motion for judgment as a matter of law pursuant to Rule 50(b) must be preceded by a Rule 50(a) motion *sufficiently specific* to afford the party against whom the motion is directed with an opportunity to cure possible defects in proof which otherwise might make its case legally insufficient." *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1173 (3d Cir. 1993) (citing *Acosta,* 717 F.2d at 831-32 (emphasis in original)). *See* 5A James W. Moore *et al.,* Moore's Federal Practice 50-89 (2d ed. 1993) (reason for establishing Rule 50(a) motion as a condition precedent for a Rule 50(b) motion is "in keeping with the spirit of the rules to avoid tactical victories at the expense of substantive interests"). The failure by the moving party to state the specific law and the facts that entitle him to the judgment as a matter of law in a Rule 50(a) motion is a sufficient basis for denying a subsequent Rule 50(b) motion. *See First Security Bank of Beaver, Oklahoma v. Taylor,* 964 F.2d 1053, 1056-57 (10th Cir. 1992) (finding that motion for j.n.o.v. was properly denied where motion for directed verdict was not sufficiently specific to apprise the court and the non-moving party of the legal significance of the evidence in

the record with any specificity); *see also Lifshitz v. Walter Drake & Sons, Inc.,* 806 F.2d 1426, 1429-30 (9th Cir. 1986) (ruling that a directed verdict motion can serve as the prerequisite to a j.n.o.v. only if it includes the specific grounds asserted in the j.n.o.v. motion;

9. In this case, the record does not demonstrate that Plaintiffs' motion under Rule 50(a) referred to the specific evidence or testimony which allegedly entitles the Plaintiffs to a judgment as a matter of law against Rivera as a joint "employer" under the FLSA. Rather, Plaintiffs' Rule 50(a) motion, much like their Rule 50(b) motion, merely asserted general, conclusory averments concerning Rivera's alleged financial and operational control over Krypton. Because Plaintiffs' Rule 50(a) motion failed to state the specific facts that entitle them to the judgment as a matter of law, the Motion for Judgment under Rule 50(b) must be denied.

10. Contrary to Plaintiffs' contentions, the evidence at trial did not *overwhelmingly* establish that Rivera was a "joint employer" of the company for purposes of establishing liability under the FLSA. In order to grant Plaintiffs' post-verdict motion under Rule 50(b), the evidence at trial must have overwhelmingly pointed to Rivera's "operational control of significant aspects of the corporation's day to day function." *Donovan v. Agnew,* 712 F.2d 1508, 1513 (1st Cir. 1983). The court in *Donovan* stated that the individual officers in that case, because they were directly involved in decisions affecting employee compensation and personally made decisions to continue operations despite financial adversity of the company, were individually liable. The court stated, however, that "it should not be lightly inferred that Congress intended to disregard in this context the shield from personal liability which is one of the major purposes of doing business in a corporate form." *Donovan* at p. 1513.

11. The fact that Rivera is a part owner and president of Krypton does not necessarily make him personally responsible under the FLSA. *See Patel v. Wargo*, 803 F.2d 632, 637-38

(11th Cir. 1986). In that case, a part owner who acted as the Executive Director of the drug and alcohol rehabilitation facility in question was the person who actually controlled its operations and had negotiated the contract with the employee who alleged the FLSA violations. The individual defendant in that case was another owner who was not directly involved in the daily administration and supervision of the plaintiff's job duties. He was not found individually responsible because he did not have "operational control of significant aspects of [the corporate defendant]'s day-to-day functions, including compensation of employees..." *Patel,* 803 F.2d at 638. If an individual does not exercise control over employees and is not significantly involved with the operations of the business, that person may not be an employer. *Id.*

12. In this case, Rivera, Jr. testified that he, and *not* Rivera, was the person who exercised financial and operational control over the company, as well as direct control over the Plaintiffs' compensation. Indeed, the testimony at trial established that Rivera worked in Krypton's lawn spray and pest control division -- an entirely different division of the company than the division in which the Plaintiffs were employed (*i.e.,* the termite/tent fumigation division). Moreover, the record establishes that Rivera had *no direct supervision* over the Plaintiffs, and did *not* dictate the circumstances, restrictions and requirements under which the Plaintiffs conducted their job duties on a day-to-day basis or the manner in which they were compensated.

13. Although the Plaintiffs may have presented self-serving testimony to contradict Rivera, Jr., the evidence in Plaintiffs' favor is by no means overwhelming nor does it conclusively favor the Plaintiffs such that a reasonable jury could not have arrived at a contrary verdict. Indeed, the jury was free to disbelieve the Plaintiffs and accordingly to rule against them

as the parties with the burden of proof regarding the issue of Rivera's individual liability. Accordingly, Plaintiffs' Motion for Judgment should be denied.

March 12, 2012

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Attorneys for Defendants*
333 Avenue of the Americas
Miami, Florida  33131
Tel.: (305) 579-0500
Fax: (305) 579-0717

/s/  Ricardo A. Gonzalez
RICARDO A. GONZALEZ
Fla. Bar. 0691577

### CERTIFICATE OF SERVICE

I HEREBY certify that on this 12th day of March 2012, I electronically filed the foregoing document with the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record identified on the attached Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF and by U.S. Mail.

s/  Ricardo A. Gonzalez

### SERVICE LIST

Jamie Harrison Zidell, Esq.
Daniel Feld, Esq.
Email:  Zabogado@aol.com
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone:  (305) 865-6766
Facsimile:  (305) 865-7167
Attorney for Plaintiffs