UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-22757-CIV-LENARD/TURNOFF

<u>CONSENT CASE</u>

HENRY IZQUIERDO, JOSE LUIS )
IZQUIERDO, ROBERTO ROJAS , and all )
others similarly situated under 29 U.S.C. )
216(B), )
       Plaintiffs, )
  vs. )
)
KRYPTON PEST CONTROL, CO., )
HECTOR RIVERA, )
HECTOR RIVERA, JR. )
)
       Defendants. )
_____ )

**<u>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR IMPOSITION OF LIQUIDATED DAMAGES AND INCORPORATED MEMORANDUM OF LAW</u>**

    Defendants, Krypton Pest Control Co. ("Krypton"), Hector Rivera ("Rivera"), and Hector Rivera, Jr.("Rivera, Jr.") (collectively, the "Defendants"), by and through their undersigned counsel, submit their Response in Opposition (the "Opposition") to Plaintiffs' Motion for Imposition of Liquidated Damages (the "Motion") [**D.E. 71**].

    1.    Under 29 U.S.C. § 260, courts need not award liquidated damages in every instance; instead, courts retain discretion to withhold a liquidated damages award, or to award less than the statutory liquidated damages total, where an employer shows that, "despite the failure to pay appropriate wages, the employer acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that the acts or omissions giving rise to the failure did not violate the FLSA." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008).

2.	Section 260 provides in relevant part:

> In any action . . . to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the [FLSA], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof . . . .

29 U.S.C. § 260.

3.	The Court should deny Plaintiffs' Motion because the record supports that Defendants acted in good faith and had reasonable grounds for believing that their conduct did not violate the FLSA. First, the irrefutable evidence presented at trial demonstrates that Krypton regularly compensated the Plaintiffs more generously than the FLSA required. *See Roy v. Country of Lexington, South Carolina,* 141 F.3d 533, 548 (4th Cir. 1998) (affirming district court's denial of motion for liquidated damages under FLSA on the same basis).

4.	Second, the jury found only *de minimis* underpayments of overtime wages to Plaintiff Henry Izquierdo and Plaintiff Jose Luis Izquierdo (*see* D.E. 67 ($686.60) and D.E. 68 ($675.25), respectively) and no underpayments whatsoever to Roberto Ruiz. *See Foster v. Irwin,* 258 F. Supp. 709, 712 (E.D. La. 1966) (ruling that employees were not entitled to liquidated damages because "small underpayments found to exist in the case were not a result of bad faith, malice, or oppression on the part of the defendants"). Given the lack of any evidence in the record that the Defendants' *de minimis* underpayments of overtime to two of the three Plaintiffs were purposeful or intentionally designed to circumvent the FLSA, the Court should not impose liquidated damages for Defendants' innocent computation errors.

CASE NO.: 10-22757-CIV-LENARD/TURNOFF

March 12, 2012

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Attorneys for Defendants*
333 Avenue of the Americas
Miami, Florida  33131
Tel.: (305) 579-0500
Fax: (305) 579-0717

/s/  Ricardo A. Gonzalez
RICARDO A. GONZALEZ
Fla. Bar. 0691577

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 12th day of March 2012, I electronically filed the foregoing document with the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record identified on the attached Service List in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF and by U.S. Mail.

s/  Ricardo A. Gonzalez

## SERVICE LIST

Jamie Harrison Zidell, Esq.
Daniel Feld, Esq.
Email:  Zabogado@aol.com
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone:  (305) 865-6766
Facsimile:  (305) 865-7167
Attorney for Plaintiffs