UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:10-22757-CV-WCT

HENRY IZQUIERDO, JOSE LUIS IZQUIERDO,
ROBERTO ROJAS, and all others similarly
situated under 29 U.S.C. § 216(B),

       Plaintiffs,

vs.                                                                              **CONSENT CASE**

KRYPTON PEST CONTROL, CO.,
HECTOR RIVERA, SR., and
HECTOR RIVERA, JR.

       Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Imposition of Liquidated Damages **[DE 71]** and Plaintiffs' Renewed Motion for Judgment as a Matter of Law **[DE 70]**. A hearing on these Motions took place before the undersigned on June 19, 2012. **[DE 77]**. Upon review of the Motions **[DE70, 71]**, the Responses **[DE 72, 73]**, the Replies **[DE 74, 75]**, hearing argument from counsel **[DE 77]**, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

Plaintiffs, Henry Izquierdo, Jose Luis Izquierdo, and Roberto Rojas (collectively "Plaintiffs"), filed this action against Defendants, Krypton Pest Control Co., Hector Rivera (hereinafter "Rivera, Sr."), and Hector Rivera Jr. (hereinafter "Rivera, Jr.") (collectively "Defendants") under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"). **[DE 1]**.   The Complaint alleges, *inter*

*alia*, failure to pay overtime wages. Id.

Plaintiffs worked as fumigators for Defendants over various time periods beginning in 2007 until 2010. **[DE 1, 6]**. Plaintiffs originally claimed that they were entitled to overtime and liquidated damages in the following amounts: $48,640 for Henry Izquierdo, $19,600 for Jose Luis Izquierdo, and $10,660 for Roberto Rojas. **[DE 6]**. Each Plaintiff claimed to have worked sixty (60) hour workweeks with no overtime payments.**[DE 1, 6]**. Defendants, on the other hand, argued that Plaintiffs were owed nothing, as they were continuously paid amounts over and above what was required by the FLSA. **[DE 73]**. At trial, Rivera, Jr. testified that he had some knowledge of the FLSA requirements, but did not specify what steps, if any, he took to confirm that  he was in compliance. **[DE 78]**.

Following a three-day jury trial, the jury returned a verdict for Plaintiffs Henry Izquierdo and Jose Luis Izquierdo in the amounts of $686.60 and $675.25, respectively. **[DE 67, 68]**. A defense verdict was returned as to Plaintiff Rojas, awarding him $0.00. **[DE 69]**. In this connection, the jury found that Defendants did not act with willfulness or reckless disregard.  **[DE 67-69]**. Lastly, the jury determined that neither Rivera, Sr. nor Rivera, Jr. were individually liable for damage awards. Plaintiffs made an *ore tenus* motion for directed verdict.  Same was denied.

## Analysis

Plaintiffs now seek liquidated damages under the FLSA, which states in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

Page 2

Liquidated damages are mandatory under 29 U.S.C. § 216(b) when either section 206[1] or section 207[2] is violated. If the Court finds, for example, that employees were working in excess of forty (40) hours per week, without the required compensation, plaintiffs are entitled to a doubling of their damage award as liquidated damages. As such, the Court has no discretion in the application of liquidated damages. Rodriguez v. Farm Stores, 518 F.3d 1259, 1272 (11th Cir. 2008); Wajcaman v. Inv. Corp. of Palm Beach, 620 F. Supp. 2d 1353, 1358 (S.D. Fla. 2009). The law does, however, provide a "safe harbor" for employers who can establish that they acted in good faith and under the reasonable belief that they were in compliance. Rodriguez, 518 F.3d at 1272. In this regard, a finding of a willful FLSA violation precludes a finding of good faith for the purpose of liquidated damages. Alvarez-Perez v. Sanford Orlando Kennel Club, Inc., 515 F.3d 1150, 1166 (11th Cir. 2008) (finding an employer acted with willful disregard works to extend the statute of limitations, normally two years, to three years). However, when, like here, the jury determines that the violation was not willful, the court retains discretion to determine whether the employer acted in good faith. Id.

An employer who seeks to avoid liquidated damages carries the burden and must show that its violation was "both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." Perez v. Palermo Seafood, Inc., 548 F. Supp. 2d 1340, 1350 (S.D. Fla. 2008) (citing C.D. Joiner v. City of Macon, 814 F.2d 1537, 1539

---

[1] Section 206 sets forth the minimum wage requirements, and mandates that employers "pay to each of his employees... wages... not less than $7.25 an hour." 29 U.S.C. § 206.

[2] Section 207 precludes employers from "employ[ing] any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207.

(11th Cir. 1987)). Specifically, Defendants must show that they acted with subjective good faith and that they had objective reasonable grounds for believing that they were in compliance. Id. "Absent a showing of both the subjective and objective elements of the good faith defense, liquidated damages are mandatory." Dybach v. State of Fla. Dept. of Corrs., 942 F.2d 1562, 1566-67(11th Cir. 1991).

In order to satisfy the subjective standard, the employer must show it had an honest intention to ascertain what the FLSA required and to act in accordance with those requirements. Wajcaman, 620 F. Supp. 2d at 1358 (holding that there was a showing of subjective good faith because the employer contacted attorneys and familiarized herself with the law). In other words, employers must show a plan of action for ascertaining what the law is, not just what they believed the law to be. In order to satisfy the objective component, the employer must show that it had a reasonable belief that its conduct conformed with the FLSA. Id.

Here, Rivera, Jr. testified at trial that he was unaware of the specifics of the overtime laws because he never paid his employees by the hour. Hr'g Tran. 69:13-18, February 6, 2012, **[DE 78]**. He indicated that he posted the relevant laws in his office as required by the State of Florida, but admitted that he did not know how to calculate overtime payments. Id. at 69:19-25. He also testified that because he never received any complaints from employees about their wages, he never took any steps to verify that Krypton was in compliance with the FLSA. In this connection, Rivera, Jr. conceded that he did not consult a labor law expert on these issues. Id. at 70:11-22, 71:16-20.

In sum, Defendants plead ignorance. That is, they contend that they did not know they were subject to the FLSA. Instead, they argue that their payment system, i.e. piece rate, routinely served to overcompensate Plaintiffs. Hr'g Tran. 70:10, 75:25, 76:1-4, February 6, 2012, **[DE 78]**. As noted

above, throughout the trial, Defendants stressed that Plaintiffs were often paid well in excess of what was required under the overtime laws. Hr'g Tran. 110:25, 111:1-25, 112:1-42, **[DE 78]**. Beyond that Defendants have offered no further evidence of compliance with the FLSA or attempts to educate themselves as to same.

Upon careful review, the undersigned is not persuaded that Defendants have sufficiently established the requisite good faith showing. Accordingly, the Court has no choice but to award liquidated damages. Consistent with the above, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Imposition of Liquidated Damages **[DE 71]** is **GRANTED**.

As to Plaintiffs' Renewed Motion for Judgment as a Matter of Law, Plaintiffs clarified in open Court that same related solely to Defendant Rivera, Jr. **[DE 77]**. In that Motion, Plaintiffs requested that Rivera, Jr. be held jointly and severally liable, along with the Krypton, Co., for the damage award. **[DE 70]**. At the hearing, Defendants indicated that they did not oppose[3] the Motion with respect to Defendant Rivera, Jr. Accordingly, Plaintiffs' Renewed Motion for Judgment as a Matter of Law **[DE 70]** is hereby **GRANTED**.

## Conclusion

Consistent with the above, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Imposition of Liquidated Damages **[DE 71]** is **GRANTED**. Plaintiff Henry Izquierdo shall recover $1,373.20. Plaintiff Jose Luis Izquierdo shall recover $1,350.50. It is **FURTHER ORDERED AND ADJUDGED** that Plaintiffs' Motion for Renewed Judgment as a Matter of Law **[DE 70]** is **GRANTED**. Consistent with the above, Defendant Rivera, Jr. and Krypton, Co. shall

---

[3]Apparently, there had been some confusion, and Defendants had filed opposition papers as to Defendant Rivera, Sr. **[DE 77]**.

be jointly and severally liable for the above amounts.

It is **FURTHER ORDERED AND ADJUDGED** that Plaintiffs shall submit a proposed

Final Judgment for the Court's consideration within ten (10) days of this order.

**DONE AND ORDERED** in Chambers at Miami, Florida this _____ day of August 2012.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**


cc:    Counsel of Record