UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-22757-CIV-LENARD/TURNOFF

<u>CONSENT CASE</u>

HENRY IZQUIERDO, JOSE LUIS )
IZQUIERDO, ROBERTO ROJAS , and all )
others similarly situated under 29 U.S.C. )
216(B), )
       Plaintiffs, )
vs. )
 )
KRYPTON PEST CONTROL, CO., )
HECTOR RIVERA, )
HECTOR RIVERA, JR. )
 )
       Defendants. )
_____)

## PLAINTIFFS' VERIFIED MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO 29 USC 216 (B) AND LOCAL RULE 7.3.

Come Now Plaintiffs, by and through undersigned counsel, and hereby file Plaintiffs' Motion for Attorney Fees and Costs pursuant to 29 U.S.C. 216(b) and Southern District Local Rule 7.3 and in support thereof state as follows:

1. This is an action for overtime wages brought under the Fair Labor Standards Act 29 U.S.C. 201-216.

2. On February 8, 2012, the jury returned a verdict in favor of Plaintiff Henry Izquierdo in the amount of $686.60 [D.E. 67] and in favor of Plaintiff Jose Luis Izquierdo in the amount of $675.25 [D.E. 68].

3. Thereafter, Plaintiffs' filed a motion for liquidated damages [D.E. 71] on the basis that Defendants had not established that they acted with both subjective and objective good

Case 1:10-cv-22757-WCT Document 85 Entered on FLSD Docket 08/16/2012 Page 2 of 8

faith in determining whether Defendants were in compliance with the Fair Labor Standards Act.

4. On August 9, 2012, the Court granted Plaintiffs' Motion to Impose Liquidated Damages. [D.E. 79]. Thereafter, a final Judgment was entered in favor of Plaintiff Henry Izquierdo in the amount of $1,373.20 as wages and liquidated damages and in favor of Plaintiff Jose Luis Izquierdo in the amount of $1,350.50 as wages and liquidated damages.

5. Pursuant to 29 U.S.C. 216(b) Plaintiffs' are entitled to their reasonable attorney's fees and costs, "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. 216(b).

6. The Court's own expertise is utilized to establish a reasonable fee and cost award in this case. *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292 (1$^{1th}$ Cir. 1988).

7. Furthermore, A prevailing Plaintiff is a "party in whose favor judgment is rendered, **regardless of the amount of damages awarded**.[emphasis added]" *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 US 598 (2001). In other words, to be a prevailing plaintiff, a plaintiff must establish that he or she is in a better legal position vis-à-vis the Defendant than he/she was prior to the proceedings at issue. *Goss v. Killian Oaks House of Learning*, 248 F.Supp. 2d. 1162 (S.D. Fla. 2003). Therefore, Plaintiffs should be awarded the claimed fees and costs pursuant to 29 USC 216(B).

8. Pursuant to 29 USC 216(B), having prevailed on his overtime wage claims, the Plaintiffs are entitled to recover reasonable attorney fees and costs from the Defendants jointly and

2 of 8

severally. 29 U.S.C. 216(B) makes the award of fees and costs to prevailing Plaintiffs mandatory.

9. In determining appropriate fees, the court is guided by the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974), and approved in *Blanchard v. Bergeron,* 489 U.S. 87, 91-92, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

10. Defendants will likely argue that the claimed fees are not proportional to the amount recovered for Plaintiffs. However, this argument should have no bearing on the fees awarded to Plaintiffs for this case. See *Davis v. Locke,* 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting *Rivera,* 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'") "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" *Tyler v. Westway Auto. Serv. Ctr., Inc.,* Case No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005).

11. Although a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-229 (7th Cir. 1972).

12. This is a classic case wherein "[t]he [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 580-581, n. 11, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)).

13. The fees and costs incurred herein are detailed and attached hereto. The fees claimed herein are $53,306.00.

14. The attorneys that performed work on this case are listed by their initials on the fee ledger attached hereto. "KDK" refers to Karl David Kelly, Esq.; "DF" refers to Daniel Feld, Esq..; "DM" stands for Attorney David Markel, Esq. (licensed May, 2010) and "JZ" refers to the undersigned. The hourly rates claimed for this motion are $325/hr. for J.H. Zidell, Esq. and $300.00/hr. for David Kelly, Esq. and $215.00/hr. for Daniel Feld, Esq. and $190.00/hr. for David Markel, Esq.

15. This Court as of March 25th, 2010, determined the these *rates* to be reasonable in the case as to JH Zidell, Esq. and David Kelly, Esq. See; **Reis v. Thierry's Inc. et.al.**, Case 08-20992-CIV-Turnoff DE #110. See Ex. "A". Also, see recent decision of Arias v. Alpine Towing, Inc. (2011 decision) et.al. attached as Ex "B." Additionally, see recent decision between the two firms in *Rodriguez v. Supershine and Detailing, Inc.* (6/11/12

decision). See Ex. "C." The Court, two and years ago found the rate of Daniel Feld, Esq. for $175/hr to be reasonable. However, with the additional experience gained since the Court's Order in March 2010, Plaintiffs' request an hourly rate of $215/hr as reasonable for Daniel Feld, Esq.

16. Additionally, Plaintiffs have attached their bill of costs [D.E. 81] whereby Plaintiffs seek to recover their costs in the amount of $1,979.05.

17. Therefore, the total fee **for J.H. Zidell P.A.** request is for **$53,306.00** plus **$1,979.05** for costs as detailed below and are recoverable under @1920 or otherwise.

18. Costs are claimed herein pursuant to Rule 54(d) and 28 USC 1920. The costs incurred are as follows:

    1) $350 for the filing fee. [D.E.1].
    2) $105 for service of process on 3 Defendants ($35 for service on each Defendant see D.E. 7 attached affidavit of process server).
    3) $150 court reporter appearance fee (receipt attached D.E. 81).
    4) $432.80 order of deposition transcripts (receipt attached D.E. 81).
    5) $468.75 mediation costs per Court Order D.E. 15 (receipt attached D.E. 81).
    6) $90 for interpreter costs at Defendants deposition (receipt attached D.E. 81).
    7) $382.50 interpreter costs at trial (receipt attached D.E. 81).

19. The deposition transcripts claimed were necessary to be taken to prepare for trial. The filing and service fees were also reasonable incurred for this case. The docket and service fees are recoverable under 28 USC 1920. The translator's fee for deposition and trial were necessary to properly prosecute this case. All of the costs claimed are verified herein by the undersigned.

20. While the mediation fee *is not* recoverable under @1920, it may be recoverable under a category of expenses that is recognized as amounts normally being included by a lawyer in a bill for professional services. Since mediation expenses are routinely incurred by a plaintiff's attorney for litigating an overtime wage case in this District and routinely ordered to occur by court order in this District, the mediation cost should be taxed against the Defendants. See *LeBlanc-Sternberg v. Fletcher, 143 F.3d 748 (2d Cir. N.Y. 1998) Calderon v. Witvoet, 112 F.3d 275, 276 (7th Cir. Ill. 1997).*

21. The undersigned has reviewed all of the attorney fee data and cost receipts claimed herein in good faith and this motion is well grounded in fact.

22. Daniel T. Feld, Esq. an associate with the undersigned firm has conferred with opposing Counsel to reach a good faith agreement on this motion and opposing Counsel **does not** agree to the same.

WHEREFORE, THE PLAINTIFFS RESPECTFULLY REQUEST THAT THE COURT AWARD THE FEES AND COSTS CLAIMED HEREIN UNDER 29 USC 216(B), RULE 54(D) AND LOCAL RULE 7.3 FOR THE REASONS STATED ABOVE.

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:_____
J.H. Zidell, Esq.
Florida Bar No. 0010121

ON 8/16/12; J.H. ZIDELL APPEARED AND WHO IS PERSONALLY KNOWN TO ME AND AFFIRMED THAT THE CONTENTS AND ATTACHMENTS TO THIS FEE AND COST MOTION ARE CORRECT.

_____
NOTARY PUBLIC/STAMP

CARIDAD SIUTA
Commission # DD 999626
Expires July 26, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing Plaintiffs Motion for Fees and Cots was served via CM/ECF to Ricardo A. Gonzalez, Esq. 1221 Brickell Avenue, Miami, Florida 33131, Fax: (305) 579-0717, email: gonzalezr@gtlaw.com and Ronald M. Rosengarten, Esq. at Greenberg Traurig, 1221 Brickell Avenue, Miami, Florida 33131, Fax: (305) 579-0717, email: Rosengartenr@gtlaw.com on this 16th day of August, 2012.

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:_____
     J.H. Zidell, Esq.
     Florida Bar No.: 0010121