UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-22757-CV-TURNOFF

HENRY IZQUIERDO, et al.,

    Plaintiffs,

vs.

**CONSENT CASE**

KRYPTON PEST CONTROL, CO.,
et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Bill of Costs **[DE81]** and Plaintiffs' Verified Motion for Attorney's Fees and Costs **[DE85]**. Upon review of the Motions **[DE81, 85]**, the Responses, the Replies, the court file, and being otherwise duly advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows.

### Background

Following a jury trial, the Final Judgment was entered on August 14, 2012. **[DE82]**. Pursuant to same, Plaintiff Henry Izquierdo was awarded $1,373.20 and Plaintiff Jose Luis Izquierdo was awarded $1,350.00.[1] Id. Plaintiff Roberto Rojas took nothing. After the entry of Final Judgment, Plaintiffs filed their Bill of Costs, seeking to recover $1,979.05 in costs. **[DE81]**. Plaintiffs' Verified Motion for Attorney Fees, filed shortly thereafter, seeks $53,306.00 in attorney's fees. **[DE85]**.

---

[1] The amounts awarded represent wages and liquidated damages pursuant to the Court's prior Order. **[DE79]**. However, the actual awards, as per the verdict, were $686.60 (H.Izquierdo) and $675.25 (J.Luis Izquierdo). **[DE67-69]**.

## Analysis

It is well settled that a prevailing Plaintiff in a Fair Labor Standards Act ("FLSA") case may recover reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216 (b). As noted above, the two Izquierdo Plaintiffs prevailed at trial. Accordingly, the undersigned finds that they are entitled to recover both attorney's fees and costs. Having found that entitlement exists, the Court must now determine the amount of the award.

A Plaintiff seeking fees bears the burden of demonstrating and documenting the reasonable hours and rates. In this connection, Plaintiff must submit detailed evidence of the time expended. ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir.1999). Using the lodestar method applied in this Circuit, attorney's fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended. See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The court may then adjust that award in light of the plaintiff's level of success. Roldan v. Pure Air Solutions, Inc., No. 07-22203-CIV-TORRES, 2010 WL 410571, at *5 (S.D. Fla. Jan. 29, 2010) (citing Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)).

## Attorney's Fees

*Hourly Rates*

Plaintiff has submitted the following hourly rates: J. Zidell ($325), K. David Kelly ($300), D. Feld ($215), and D. Markel ($190). **[DE85]**. Defendants dispute only the rates for Messrs. Feld and Markel. As to Mr. Feld, Defendant cites a recent case by Magistrate Judge Simonton wherein his fees were limited to $175 on a similar motion. Rodriguez v. Super Shine and Detailing, Inc., 09-23051-CIV-SIMONTON (S.D.Fla. June 11, 2012). In that case, the Court rejected the very same rate of $215 sought here. Id. As to Mr. Markel, Defendant suggests that $150 is a more reasonable rate, given the fact that Mr. Markel has only been practicing law for two years.

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. Norman, 836 F.2d at 1299. The court, itself being an expert on these issues, may consider its own knowledge and experience concerning reasonable and proper fees. Id. at 1303. After careful consideration of, among other things, each attorney's level of experience, the undersigned finds that a rate reduction is appropriate. A reasonable hourly rate for Mr. Feld is $175 and $150 for Mr. Markel.

*Reasonable Hours Expended*

As noted above, Plaintiffs have submitted a fee request in the amount of $53,306. Defendants oppose the Motion on several grounds, i.e., (1) Plaintiffs' failure to provide sufficient detailed evidence; (2) duplicative or unnecessary hours; (3) baseless motions; (4) certain hours constitute clerical work; (5) travel time; (6) block billing; (7) excessive hours; and (8) the failure to exclude time for Rojas' unsuccessful claim. Defendants also argue that a reduction is warranted because the Izquierdo Plaintiffs' success herein was extremely limited, as it relates to Defendants' Rule 68 Offer of Judgment. **[DE89]**. Upon review of the record, the undersigned finds that Defendants' arguments are well founded.

In the Motion, Plaintiffs have submitted time records for four (4) attorneys for this fairly simple and straightforward FLSA case. As noted above, Plaintiffs are seeking $53,306 an amount that is grossly disproportionate to the *diminimus* recovery obtained in this case. Again, Plaintiff Henry Izquierdo was awarded a total of $1,373.20. **[DE82]**. In the Amended Complaint he claimed that he was entitled to $24,320 plus liquidated damages. Plaintiff Jose Luis Izquierdo was awarded a total of $1,350.00. In the Amended Complaint, he claimed entitlement to $9,800 plus liquidated damages. Id. Plaintiff Roberto Rojas, who originally claimed entitlement to $10,600, and liquidated damages, took

nothing. Id.

As noted by Defendants, the awards are "a far cry" from what was demanded. Had Plaintiffs accepted Defendants' Offer of Judgment, they would have obtained a far better result. Specifically, Plaintiff Henry Izquierdo was offered $6,000, Jose Luis Izquierdo was offered $3,000, and Rojas was offered $1,000. **[DE89, Ex. A]**. Of equal importance, had the offers been accepted, the number of attorney hours and corresponding fees would have been significantly less.

A rejected Rule 68 offer does not, without more, automatically prohibit Plaintiffs from recovering attorney's fees. However, when a plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee award under the FLSA will depend, at least in part, on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer. Hayworth v. Nevada, 56 F.3d 1048, 1052 (1995); See also Ramos v. Goodfellas Brooklyn's Finest Pizzeria, No. 08-61240-CIV, 2009 WL 2143628 (S.D. Fla. July 16, 2009) (reducing attorney fee award by 50% after an initial reduction of 25% due to limited success at trial after settlement offer). This application of Rule 68 encourages the settlement of cases that should be settled when reasonable settlement offers are made. Along these same lines, the Court may apply an after-the-fact reduction of the lodestar where the results obtained are limited in comparison to the scope of the litigation as a whole. Hensley v. Eckert, 461 U.S. 424, 440 (1983).

Although, in the context of FLSA cases, it is not uncommon for fee awards to exceed the plaintiff's recovery, the Court must be cautious to not permit *carte blanche* awards that promote the gratuitous racking up of legal fees. See Goss v. Killian Oaks House of Learning, 248 F.Supp.2d 1162 (S.D.Fla. Feb. 28, 2003)(an entitlement to attorney's fees is not a licence for Plaintiffs to outrageously, and in bad faith, run up attorney's fees). Taking into account the record as a whole, including, among other things, the rejected offer, the excessive hours, the duplicative work, the minimal recovery and the

unsuccessful Rojas claim, the undersigned concludes that a reduction is warranted.

First, it is important to note that Plaintiffs' counsel's law practice is dedicated, almost exclusively, to FLSA litigation. A large number of these cases present identical issues and identical theories of law. As such, the allegations and pleadings that were filed in this case is, in large part, typical of an FLSA case. In other words, these cases do not require extensive research or complex analysis. In fact, Plaintiffs' attorneys herein, well seasoned experts in this specialized field, draft these overtime Complaints in bulk form, in this district, hundreds of times per year.

This action was litigated for approximately a year and a half. During that time, nearly half of the docket filings were generated by the Court. With very little exception, the remaining filings were routine notices, agreed motions and non-substantive matters. This was, by no means, a labor intensive case, and certainly does not merit the requested fees.

*Reduction of Hours*

In reducing excessive fees, the court may conduct an hour-by-hour analysis or elect to reduce fees by using an across-the-board method to avoid "pick and shovel work." See Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1351. Here, the record speaks for itself and the undersigned is familiar with this matter. As noted above, this was a very simple overtime case. Counsel is an expert in this area and is more than familiar with the framework for an FLSA action. Reasonable and very generous offers were made and rejected. The billing records show multiple attorneys, duplicative work, unnecessary work, block billing and excessive billing. Simply put, the fee request herein is outrageous and inconsistent with the spirit and intent of this remedial statute.

The undersigned, who presided over both the litigation and the trial of this cause, finds no basis

for such an award. Accordingly, I find that an overall across-the-board reduction of 80%[2] of the fees submitted, for a total of **$10,114**, is appropriate as follows:

| Attorney | Rate | Adjusted Rate | Hours | Requested Fees | Adjusted Fees |
|---|---|---|---|---|---|
| J. Zidell | $325 | N/A | 118.1 | $38,382.50 (30,706) | $7,676.50 |
| K. Kelly | 300 | N/A | 4.3 | 1,290.00 (1,032) | 258 |
| D. Feld | 215 | $175 | 25.5 | 4,462.50 (3,570) | 892.50 |
| D. Markel | 190 | 150 | 42.9 | 6,435.00 (5,148) | 1,287 |

Consistent with the above and foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff be awarded **$10,114** in attorney's fees.

## Costs

Plaintiffs have submitted a Bill of Costs totaling $1,979.05 representing: filing fees ($350), service fees ($105), transcript fees ($582.80), interpreter fees ($472.50), and mediation fees ($468.75). Defendants argue that the mediation fees are not recoverable. **[DE89]**. Defendants also argue that costs incurred after the Rule 68 Offer of Judgment should be rejected. Id. Lastly, Defendants suggest than an across-the-board reduction, in the amount of 33 1/3 %, is warranted due to the unsuccessful claim of Rojas. Id.

As a general matter, trial courts are afforded wide latitude in ascertaining taxable costs. However, in exercising its discretion, absent explicit statutory authorization or contractual authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). The enumerated costs are as follows: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any party of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and

---

[2]The calculations for Mssrs. Feld and Markel include the rate reduction noted *supra*.

witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title. See 28 U.S.C. § 1920.

Consistent with the above, the undersigned finds that the mediation costs and the interpreting fees incurred after the Offer of Judgment[3] are not recoverable. The undersigned, however, rejects Defendants' request for a further reduction. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff is awarded costs in the amount of **$1,127.78.**

**DONE AND ORDERED** in Chambers at Miami, Florida on this 16 day of March 2013.

_____
**WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE**

cc: Counsel of Record

---

[3]Plaintiffs have submitted interpreter invoices totaling $472.50. A large portion of that amount, i.e., $382.50, was incurred after the service of the Offer of Judgment, which was served on January 21, 2012. **[DE89-1]**.